MONTGOMERY WATER POWER CO. v. CHAPMAN et al.

(Circuit Court, D. Rhode Island. February 9, 1904.)

No. 2,650.

**1. INJUNCTION—AGAINST ENFORCEMENT OF JUDGMENT.**

Enforcement of defendants' judgment against complainant will not be enjoined on the ground that complainant has begun an action against defendants for damages for breach of contract, and that they are insolvent, and have not sufficient property to satisfy such judgment as complainant expects to recover; it appearing that complainant has a valid lien by attachment on land of defendants, and has a bond with good surety for defendants' performance of the contract, and that the amount of the bond and the value of the land exceed the damages claimed in the action.

**2. SAME—AFFIDAVITS**

It is not a sufficient justification for an injunction asked against enforcement of a judgment, on the ground that complainant has begun an action for damages against defendants, and that he has not sufficient security for the judgment he expects to recover, that it is alleged in an affidavit that it is proposed to apply for a certain increase of the ad damnum in the action at law; the office of an affidavit being to support the allegations of the bill and petition, and not to amend them, or to introduce new grounds of relief.

In Equity. Petition for a preliminary injunction.

Edwards & Angell, for complainant.

Van Slyck & Munford, for defendants.

BROWN, District Judge. The complainant seeks a preliminary injunction to restrain the defendants from enforcing their judgment of $53,000 and interest against the complainant. The validity of this judgment is not disputed; but the complainant in its bill alleges that it has begun an action at law against the defendants for breach of contract, upon which it expects to recover upwards of $117,000 damages for breach of contract, with interest. The ad damnum in the action at law is $150,000. The bill in equity alleges insolvency of the defendants, and that the amount of their property is insufficient to satisfy such judgment as the complainant expects to recover against them.

It appears, however, that the complainant has a valid lien by attachment of real estate, valued by the assessors of taxes at $92,250, unincumbered except by a mortgage of $1,500. This real estate is valued by an expert at $151,291. The complainant has also the defendants' bond for $50,000, with the Fidelity & Deposit Company of Maryland as surety, as security for the performance of their contract with the complainant. Upon a conservative view of the value of the real es-

---

¶ 1. Restraining enforcement of judgment pending establishment of set-off or counterclaim, see note to Fryne-Bruhn Co. v. Meyer, 58 C. C. A. 532.

tate attached, it appears that, by its attachment liens together with the bond, the complainant has security to the full amount of the ad damnum in its writ. Therefore, if we disregard the defendants' affidavits as to the complainant's exaggeration of its claims for damages, and assume that the damages are as set forth in the bill, there is still no ground for equitable interference.

It remains to consider what effect should be given to the affidavit of complainant's counsel that it is proposed to apply for an increase of the ad damnum in its action at law, and to claim the amount of the defendants' judgment as additional damages for breach of contract. It is contended that, in such event, the complainant would expect to recover upwards of $170,000, and that the defendants' property would be insufficient to satisfy an execution for this amount. But this ground, informally presented in an affidavit, cannot be regarded as a sufficient justification for an injunction. The statement of the point raises grave doubts of its merit in fact and in law, and these doubts are increased by the facts set forth in the defendants' affidavits. The petition for a preliminary injunction must, however, be regarded as pursuant to and in aid of the case made by the bill; and the office of an affidavit is to support the allegations of the bill and petition, and not to amend the bill, or to introduce new grounds of relief.

Petition denied.